FILED

**NOT FOR PUBLICATION**

AUG 18 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10175 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00434-AWI-1 |
| v. | |
| EPHRAIM JOE AGUIRRE, II, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted February 16, 2011[**]
San Francisco, California

Before: TALLMAN, CALLAHAN, and N.R. SMITH[***], Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     Due to the death of the Honorable David R. Thompson, the Honorable N. Randy Smith, United States Circuit Judge for the Ninth Circuit, has been drawn to replace him on this panel.  Judge N.R. Smith has read the briefs and reviewed the record.

Ephraim Aguirre, II, appeals his sentence and an order of restitution following his guilty plea to two counts of receiving or distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm Aguirre's sentence. However, we vacate and remand the order of restitution because, under the standard articulated in *United States v. Kennedy*, __ F.3d __, No. 10-30065, 2011 U.S. App. Lexis 14155, at *34–37 (9th Cir. July 11, 2011), the government failed to carry its burden of proving by a preponderance of the evidence that Aguirre's offense proximately caused $3,000 in losses to the victims Amy and Vicky.[1]

On appeal, Aguirre raises challenges to a five-level sentencing enhancement applied to him, the overall length of his sentence in light of the § 3553(a) factors, and the restitution ordered. We review the sentence imposed by the district court for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review the legal basis for the restitution order de novo. *United States v. Laney*, 189 F.3d 954, 964–65, 966 (9th Cir. 1999).

1. Aguirre challenges the district court's imposition of a five-level enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or

---

[1] Because the parties are familiar with the facts, we repeat them here only as necessary to the disposition of the case.

exploitation of a minor," based on Aguirre's unprosecuted sexual relationship with a 17-year-old former student, which Aguirre contends was consensual. 18 U.S.C. § 2G2.2(b)(5) (providing for enhancement). The enhancement applies if a defendant has engaged in two or more instances of knowingly persuading, inducing, enticing, or coercing a minor to engage in any sexual activity for which a person can be charged with a criminal offense. *Id.* at cmt. n.1; 18 U.S.C. § 2422.

Here, Aguirre admitted that he engaged in sexual acts with the student, including intercourse, which constitutes a crime of sexual assault under California law. Cal. Penal Code § 261.5(c). Although the student stated that she "came on" to Aguirre and consented to the acts, she was legally incapable of consenting. *Donaldson v. Dep't of Real Estate*, 36 Cal. Rptr. 3d 577, 589 (Cal. Ct. App. 2005). Moreover, Aguirre's own statements demonstrate that he persuaded or enticed her to perform the sexual acts. Thus, the district court's application of a five-level enhancement for a pattern of sexual abuse or exploitation of a minor was not an abuse of discretion.

2. Aguirre also contends that his sentence, although within the Guidelines range, is unreasonable in light of the § 3553(a) sentencing factors. The district court began its discussion of the § 3553(a) factors by explaining that it did not believe that Aguirre should receive the maximum sentence, in part because of his

10-10175

cooperation. The district court also acknowledged that it took into account the fact that "Aguirre had a very difficult childhood and upbringing, which are contributing factors to his conduct." However, the court found that the other § 3553(a) factors weighed in favor of a higher sentence within the range. Aguirre downloaded and exchanged a significant amount of child pornography. Even if some of Aguirre's statements were fantasy, Aguirre's attraction to children between 9 and 16, his diagnosis as a pedophile, and the fact that he acted on his attractions by having a sexual relationship with a minor all indicate that Aguirre is a danger to the public.

The district court sentenced Aguirre to 30 years imprisonment, which is substantially below the Guidelines range of life, and well within the statutory range of 10 to 40 years. The district court reasonably evaluated the § 3553(a) factors, and the resulting sentence is not an abuse of discretion.

3. Aguirre challenges the district court's order of $3,000 in restitution to Amy and Vicky, whose images of sexual abuse as children were found among his collection of child pornography. Under 18 U.S.C. § 2259, the mandatory restitution statute for crimes involving the sexual exploitation and abuse of children, the district court was required to award the full losses that Aguirre's offense proximately caused to any identified victims. The government must prove causation and the amount of losses by a preponderance of the evidence. *Laney*,

189 F.3d at 965. Aguirre asserts that the award is unsupported because the government failed to prove the amount of harm, if any, that *his own* possession of Amy's and Vicky's images caused them, given that their victim statements address only the harm they have suffered in aggregate from the creation, circulation, and possession of their images by countless individuals.

In *Kennedy*, we concluded that generalized evidence of Amy's and Vicky's losses failed to establish a causal chain between a defendant's possession of child pornography and any of the victims' losses. 2011 U.S. App. Lexis 14155, at *35. The generalized evidence failed to establish that Amy and Vicky were aware of the defendant's offense, or that they suffered losses separate from those incurred as a result of everyone who viewed their images. *Id.* Accordingly, we concluded that the district court did not have a reasonable basis upon which to calculate an award of restitution. *Id*. at *38–40.

Under the *Kennedy* standard, here, the government has similarly failed to establish the requisite causal chain between Aguirre's offense and Amy's or Vicky's losses. Thus, we vacate the order of restitution and remand for further proceedings consistent with this disposition and our opinion in *Kennedy*.

**AFFIRMED in part; VACATED and REMANDED in part.**

*United States v. Aguirre*, No. 10-10175

CALLAHAN, Circuit Judge, with whom Judges Tallman and N.R. Smith join, specially concurring:

Our review of the restitution order is controlled by *United States v. Kennedy*, __ F.3d __, No. 10-30065, 2011 U.S. App. Lexis 14155, at *34–37 (9th Cir. July 11, 2011), but if I were writing on a blank slate, I would affirm because $3,000 is a reasonable assessment of the victims' losses attributable to Aguirre's offense.

As the district court indicated here, and we noted in *Kennedy*, it is difficult to determine the extent to which a defendant's possession of Amy's and Vicky's images can be said to have proximately caused their trauma and need for counseling because countless individuals, most of whom will never be discovered, have contributed to their need for lifetime counseling by exchanging their images. In *Kennedy*, we focused on the government's failure to establish that Amy and Vicky needed additional counseling after finding out that the defendant possessed their images. *Id.* at *35, 39. In my view, this focus sets too narrow of a causation standard in light of the law's approach to issues of concurrent independent causes, as well as Congress's intent to fully compensate victims of child pornography.

In general, courts have recognized that "where there are concurrent independent causes, our law provides one cannot escape responsibility for his

[actions] on the ground that identical harm would have occurred without it. The proper rule for such situations is that the defendant's conduct is a cause of the event because it is a material element and a substantial factor in bringing it about." *Mitchell v. Gonzales*, 819 P.2d 872, 876 (Cal. 1991) (alteration marks omitted); *see also Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1129 (D.C. Cir. 2004) ("Such a case, in which application of a 'but for' standard to joint tortfeasors could absolve them all, is precisely the one for which courts generally regard 'but for' causation as inappropriate."). Each concurrent cause can be said to be a substantial factor if it was independently sufficient to cause the harm. Restatement (Second) of Torts, § 432(2).

Absolving Aguirre of liability simply because he is one of countless individuals who have contributed to Amy's and Vicky's losses would frustrate Congress's goal "to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due" and "to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim." S. Rep. No. 104-179, at 12 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 925. The causation standard we set in *Kennedy* may insulate all but the producer and original distributor of child pornography from liability for the victims' damages, even though the possession and trading of the victims' images has wrought separate and

more long-term losses, and even though Congress intended to reach such losses by including possession crimes as part of the mandatory restitution scheme.

The victim statements establish that Amy's and Vicky's knowledge of *any* individual possessing or trading their images causes them trauma, invades their privacy, and prolongs their recovery, all of which contribute to their lifetime counseling costs. Each individual adds to the cumulative trauma from the widespread dissemination of the images, but also causes fresh trauma: as Vicky describes, "it feels like I am being raped by each and every one of them." This circumstantial evidence supports the inference that Aguirre's offense was independently sufficient to cause a portion of Amy's and Vicky's losses.[1]

The district court's order of $3,000 would cover approximately 18 to 20 counseling sessions for Amy and Vicky and is a portion of their losses fairly attributable to Aguirre's offense.

Thus, if not bound by *Kennedy*, I would affirm the restitution order.

---

[1] Moreover, it is foreseeable that Aguirre's possession of the images of Amy's and Vicky's sexual abuse as children would result in their need for some amount of counseling. Although Aguirre may have believed he was committing a victimless crime when he downloaded and possessed the images, common sense requires the recognition that Amy and Vicky would feel traumatized, violated, exploited, humiliated, and vulnerable if they discovered that he had these intimate images of their sexual abuse as children.